**FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re:

                                         Chapter 13

BARBARA GIORDANO-LEONAGGEO
                                         Case No. 25-35359 (KYP)

        Debtor.
---------------------------------------------------------------x

## MEMORANDUM DECISION SUSTAINING OBJECTION OF
## M-M2 RE HOLDINGS, 13 LLC TO DEBTOR'S HOMESTEAD EXEMPTION

**APPEARANCES:**

DANTZMAN & DANTZMAN LAW OFFICE
*Counsel to the Debtor*
1 Civic Center Plaza,
Suite 403
Poughkeepsie, NY 12601
By:    Gregory T. Dantzman, Esq.
          Of Counsel

STENGER, GLASS, HAGSTROM, LINDARS & IUELE, LLP
*Counsel to M-M2 RE Holdings, 13 LLC*
1136 Route 9
Wappingers Falls, NY 12590
By:    Mary K. Ephraim, Esq.
          Of Counsel

**HONORABLE KYU YOUNG PAEK**
**UNITED STATES BANKRUPTCY JUDGE**

## INTRODUCTION

Chapter 13 debtor Barbara Giordano-Leonaggeo ("Debtor") claimed a homestead exemption for property located at 151 Homan Road, Stanfordville, NY 12581 ("151 Homan Road"). Secured creditor M-M2 RE Holdings, 13 LLC ("Creditor") filed an

objection to the Debtor's claim of homestead exemption ("Objection"),[1] and the Debtor filed a response.[2]

For the reasons stated, the Creditor's Objection is SUSTAINED.

## **JURISDICTION**

This Court has jurisdiction over the Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* (M-431), dated January 31, 2012 (Preska, C.J.) referring bankruptcy cases and proceedings to the Bankruptcy Judges of the Southern District of New York. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

## **BACKGROUND**

### A.     150 Homan Road and 151 Homan Road

The Debtor operates a horse farm and provides services including horse breeding, training, appraisal, and riding lessons. (*See Statement of Financial Affairs*, dated Apr. 18, 2025 at Part 11, Question 27 (ECF Doc. # 8 at ECF p. 28-29); *see also Schedule I*, docketed on Apr. 18, 2025 at Part 1, Question 1 (ECF Doc. # 8 at ECF p. 18).) The Debtor operates the farm from two parcels that are across from each other: (i) 151 Homan Road, and (ii) 150 Homan Road, Stanfordville, NY 12581 ("150 Homan Road").

---

[1]    *See Objection to Claim of Exemption*, dated June 11, 2025 ("Creditor Brief") (ECF Doc. # 18) and *Reply in Support of Objection to Claim of Exemption*, docketed on Sept. 5, 2025 ("Creditor Reply") (ECF Doc. # 28). "ECF Doc. # _" refers to documents filed on the electronic docket of this Chapter 13 case. "ECF p. _" refers to the page number imprinted across the top of the page by the Court's electronic filing system.

[2]    *See Response to M-M2 RE Holdings, 13 LLC Objection to Claim of Exemption* ("Debtor Brief"), dated Aug. 5, 2025 (ECF Doc. # 23).

2

150 Homan Road is a multi-acre property that contains a residential home. (Transcript of 11 U.S.C. § 341 meeting of creditors ("Tr.") at 9:6-9.)[3] The Debtor previously owned 150 Homan Road, but the property was subsequently sold in a foreclosure sale. (Tr. at 8:2-19.) The new owner of 150 Homan Road permits the Debtor to remain in the property so long as she keeps intruders out of the property. (Tr. at 8:20-9:5; 33:20-34:3.)

151 Homan Road is a multi-acre property that contains a barn. (Tr. at 6:12-14.) The Debtor co-owns 151 Homan Road with her spouse. (Tr. at 5:13-6:9.) The barn houses two horses owned by the Debtor's daughter. (Tr. at 31:5-15.) In a corner of the barn, there is a little sitting room with a bed. (Tr. at 9:24-10:3; 12:7-12; 32:3-8.) The barn has a sink and toilet but lacks a shower or tub. (Tr. at 32:16-24.) The Debtor sleeps in the barn "sometimes." (Tr. at 34:14-16.)

**B.    The Bankruptcy Filing and the Homestead Exemption Claim**

The Creditor commenced an action against the Debtor and others to foreclose on 151 Homan Road and obtained a foreclosure judgment on January 28, 2025. (*See Order Confirming Referee Report and Judgment of Foreclosure and Sale*, dated Jan. 28, 2025 (ECF Doc. # 18-3).) On the eve of the foreclosure auction, the Debtor filed this Chapter 13 bankruptcy case. (*Voluntary Petition for Individuals Filing for Bankruptcy*, dated Apr. 4, 2025 ("Petition") (ECF Doc. # 1).) In the Petition, the Debtor represented that she lives at 150 Homan Road. (*See* Petition at Part 1, Question 5.) Despite identifying 150 Homan Road as her residence on the Petition, the Debtor, on the schedule listing

---

[3]    The Debtor provided sworn testimony at the section 341 meeting of creditors ("341 Meeting"), and a copy of the transcript is available at ECF Doc. # 30.

3

her property, represented that she "at times uses [151 Homan Road] as primary residence." (*See Schedule A/B* ("Property Schedule"), docketed on Apr. 18, 2025 at Part 1 (ECF Doc. # 8 at ECF p. 3)).

On her schedule identifying exemptions, the Debtor claimed an exemption for her interest in 151 Homan Road in the amount of $170,700.00 pursuant to section 5206 of the New York Civil Practice Laws and Rules ("N.Y. C.P.L.R."). (*See Schedule C*, docketed on Apr. 18, 2025 at Part 1 (ECF Doc. # 8 at ECF p. 9)).

The Creditor filed the Creditor Brief objecting to the Debtor's homestead exemption on June 11, the Debtor filed her response on August 5, the Creditor filed its reply on September 5, and the Court heard oral argument on September 9, 2025. During oral argument, the Court requested that the Creditor docket the transcript of the 341 Meeting, and the Creditor did so on September 12, 2025. (*See* ECF Doc. # 30.)

## DISCUSSION

**A.    Homestead Exemption Under New York Law**

A debtor may exempt certain property from the bankruptcy estate under 11 U.S.C. § 522(b). Section 522(d) of the Bankruptcy Code identifies the categories of property and amounts that may be exempted under federal bankruptcy law, but section 522(b)(2) allows a state to opt out of section 522(d) by providing an alternative state law exemption statute for debtors. New York has opted out of the federal exemptions scheme, and section 282 of the New York Debtor & Creditor Law provides in relevant part that a debtor may exempt "real property exempt from application to the satisfaction of money judgments under section[] . . . fifty-two hundred six of the" N.Y. C.P.L.R. N.Y. DEBT. & CRED. LAW § 282(i) (McKinney's 2025). N.Y. C.P.L.R. § 5206, in turn, provides:

4

>   Exemption of homestead.  Property of one of the following types, not
>   exceeding . . . one hundred twenty-five thousand dollars for the count[y] of
>   Dutchess[4] . . . in value above liens and encumbrances, owned and occupied
>   as a principal residence, is exempt from application to the satisfaction of a
>   money judgment, unless the judgment was recovered wholly for the
>   purchase price thereof:  1. a lot of land with a dwelling thereon . . . .

"The statute does not define what constitutes occupancy and 'principal residence,'" but "[a] homeowner may have only one principal residence." *In re Stanley*, 461 B.R. 161, 165 (Bankr. E.D.N.Y. 2011) (citing *In re Miller*, 103 B.R. 65, 67 (Bankr. N.D.N.Y. 1989)).  To establish that a residence is a "principal residence," there must be "(1) actual physical occupancy of the residence on a regular basis, meaning that the residence is occupied by the debtor on a more regular basis than any other residence, and (2) intent to reside there permanently." *Id.* (quoting *In re Scott*, 233 B.R. 32, 40 (Bankr. N.D.N.Y. 1998)) (internal quotation marks omitted).  "The intent to reside has been defined as 'a bona fide intent to reside there as one's principal residence – not in the future, but on the petition date.'" *In re Issa*, 501 B.R. 223, 226 (Bankr. S.D.N.Y. 2013) (quoting *In re Bace*, 364 B.R. 166, 182 (Bankr. S.D.N.Y. 2007)).  Although there is no requirement that a plot of land be instantly habitable to qualify as a homestead, the Court can consider the condition of the property and a lack of ordinary necessities as evidence when determining a debtor's intent to permanently reside at the property. S*cott*, 233 B.R. at 41; *accord Issa*, 501 B.R. at 227.

In general, "[e]xemption statutes are to be construed liberally in favor of the debtor," *Issa*, 501 B.R. at 226 (quoting *In re Moulterie*, 398 B.R. 501, 504 (Bankr.

---

[4]    151 Homan Road is located in Dutchess county.  The $125,000.00 exemption amount is updated periodically, and the current amount for Dutchess County is $170,700.00.  *See* N.Y. DEP'T. OF FIN. SERVS., EXEMPTION FROM APPLICATION TO THE SATISFACTION OF MONEY JUDGMENTS, https://www.dfs.ny.gov/industry_guidance/exemption_from_judgments (last visited Sept. 15, 2025).

5

E.D.N.Y. 2008)), and "the objecting party has the burden of proving that an exemption was not properly claimed." FED. R. BANKR. P. 4003(c).

**B.    Analysis**

Here, the evidence supports the conclusion that the Debtor principally resides at the house located at 150 Homan Road rather than the barn located at 151 Homan Road. The Debtor listed 150 Homan Road as her residence in response to a question on the Petition asking the Debtor to identify "Where you live." (Petition at Part 1, Question 5.) Likewise, the Debtor testified at the 341 Meeting that she resided at 150 Homan Road. (Tr. at 3:14-4:5 (stating that she currently resides at 150 Homan Road, which is the address on her driver's license).) In contrast, the Debtor testified that she only sleeps at 151 Homan Road "sometimes." (Tr. at 34:14-16; *accord* Property Schedule at Part 1 (stating that she "at times" uses 151 Homan Road as her primary residence).) But, as set forth *supra*, a principal residence is the address where the debtor resides on a more regular basis than any other address. Occasionally staying at the barn at 151 Homan Road does not satisfy the "principal residence" requirement.[5]

The condition of the barn at 151 Homan Road also supports the conclusion that it is not the Debtor's principal residence. The barn is occupied by two horses. The only place a person could sleep is a small sitting room in the corner that contains a bed. Although there is a toilet and sink, the barn lacks a shower or a tub. There are no certificates of occupancy or building permits filed with respect to the barn at 151 Homan

---

[5]    This conclusion is also supported by the arrangement the Debtor has with the new owner to remain at 150 Homan Road. To prevent trespassers and intruders, the Debtor would presumably have to stay at the residence at 150 Homan Road including at night when intruders are more likely to come onto the property. (*See* Tr. at 33:24-34:3 (stating that she has prevented intruders from entering the house at 150 Homan Road on three separate occasions).)

Road. (*See* Creditor Brief, Ex. J (response from Town of Stanford to Creditor request for public records).) Under these circumstances, it is highly unlikely that the Debtor stays more frequently at 151 Homan Road than she does at the house at 150 Homan Road.

The Debtor argues that the Court should consider her intention to make improvements including to convert an existing loft in the barn to a full apartment. (Debtor Brier ¶ 9; Tr. at 36:25-37:15.) However, the Debtor has not received town approval for the renovation (Tr. at 37:5-9) and does not currently have funding for the renovation. (Tr. at 37:22-38:4 (stating that she is having ongoing discussions with her daughter about funding the renovation).) Further, the Debtor intends to sell her interest in 151 Homan Road to fund her Chapter 13 plan. (*See* Tr. at 7:13-16 (Debtor's attorney stating that the Debtor intends to sell her interest in 151 Homan Road); *see also* Debtor's proposed Chapter 13 Plan, dated Apr. 18, 2025 at Part 8 ("Debtor intends to pay all creditors at 100% through a combination of Chapter 13 plan payments and a lump sum payment from the sale of her property.") (ECF Doc. # 9).) And while the intent to sell a property does not necessarily negate a homestead exemption, *see In re Bellafiore*, 492 B.R. 109, 114 (Bankr. E.D.N.Y. 2013), the Debtor's intent to sell here runs counter to her assertion that she wants to build an entire apartment inside the barn. Given the lack of progress, it seems unlikely that the renovation would be completed before 151 Homan Road must be sold to fund the Debtor's Chapter 13 plan.

[remainder of page intentionally blank]

## CONCLUSION

For the reasons stated, the Creditor's Objection to the Debtor's claim of homestead exemption is SUSTAINED. Counsel to the Creditor shall submit a proposed order consistent with this Memorandum Decision via the Court's eOrders system.



**Dated: September 15, 2025**
**Poughkeepsie, New York**

/s/ Kyu Y. Paek
_____
**Hon. Kyu Y. Paek**
**U.S. Bankruptcy Judge**